IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

JIMMY SHANE CANTRELL                                                                    PLAINTIFF
ADC #98730

V.                                        NO: 2:11CV00228 JMM/HDY

JUANITA MILLS *et al.*                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Jimmy Shane Cantrell, a former Arkansas Department of Correction ("ADC") inmate at the ADC's East Arkansas Regional Unit ("EARU"), filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on December 5, 2011. Pursuant to an order entered by Judge Moody (docket entry #6), Plaintiff is proceeding only on his claim that Defendant Juanita Mills retaliated against him for his grievances and complaints about prison conditions at the EARU.[1] On February 14, 2013, Defendant filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #53-#55). Although Plaintiff has been granted additional time to respond (docket entry #56), he has not done so.

### **I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1] Judge Moody's order dismissed with prejudice Plaintiff's claims against all the former Defendants.

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff, Defendant has been involved an ongoing effort to retaliate against him for his grievances and complaints about various prison conditions. Plaintiff asserts that Defendant's retaliation has been in the form of not providing him showers at the times he wanted to take them, not allowing him and other inmates to vote on television shows, making threats, passing his cell with food trays on two occasions, and writing him disciplinary charges in retaliation for his grievances or complaints.

Defendant asserts, among other things, that Plaintiff's complaint should be dismissed due to his failure to exhaust his administrative remedies before he filed this lawsuit. Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are

available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of her claim that Plaintiff failed to exhaust his administrative remedies before he filed this lawsuit, Defendant has provided the affidavit of Candace Cole, the inmate grievance coordinator at the EARU (docket entry #55-2). According to Cole, Plaintiff filed only one grievance against Defendant in 2011, grievance EAM-11-04771. That grievance was attached to Defendant's statement of facts (docket entry #55-4). Plaintiff fully exhausted EAM-11-04771 on January 13, 2012 (docket entry #55-4, page #6). Plaintiff has offered nothing in response to demonstrate exhaustion of any other grievance regarding his claims against Defendant. Because Plaintiff filed this lawsuit on December 5, 2011, he did not exhaust his administrative remedies before he filed his lawsuit. Accordingly, Defendant is entitled to summary judgment, and Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's motion for summary judgment (docket entry #53) be GRANTED, and Plaintiff's complaint be DISMISSED.

2. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE with respect to his claim against Defendant Juanita Mills.

3. Plaintiff's complaint be DISMISSED WITH PREJUDICE in all other respects.

4. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __12__ day of April, 2013.

$\underline{\hspace{3cm}\textit{/s/ H. David Young}\hspace{3cm}}$
UNITED STATES MAGISTRATE JUDGE